- Chief Justice Robeiitson
delivered the opiniah of the court.
Conway as principal, and others as his sureties, signed a note for .§'400, payable to the Uni- - <> S-ates’ Branch Bank at Louisville, for the pur-¡‘¡■.o of having it discounted by the bank, for the use ii’d benefit of the principal. Not being able to procure a meeSiag of a competent number of the directors, to decide on his application, Conway sold and delivered the note to Cook, and also delivered to him a check on the bank for the amount of the ndte, in ■ consideration of $380, advance'd'to him by Cook.
At the instance, and for the benefit of Cook, this suit was brought against Conway and bis sureties, on the note thus signed and delivered to Cook. On the tria? upon issue joined, on a plea averring that the note was given without any consideration, no other facts appearing than those here stated, the circuit judge, to whom the law and the fact had been referred, gave judgment for the amount of the note.
The foregoing facts will not. allow any reasonable deduction, which would render the note obligatory on the appellants. It was drawn and signed to be discounted by-the bank. The drawing of the check-, *129 the bringing of the suit for Cook’s benefit; and the absence of any circumstance tending to prove a delivery of the note to the hank, show satisfactorily, ■only that the note never was delivered to the bank, but also, that it was delivered to Cook for the purpose of having it discounted by the bank for his benefit.
The delivery to Cook was, therefore, no more ef-fectuai, than a delivery to an agent for the bank, .without his intervention, would have been, until the bank had discounted it. If it had been delivered directly to the cashier of the bank to be discounted, it would have been only an escrow until it had been discounted, and would not have been the deed of the ap-peilants if it had never been discounted. As it was delivered to Cook for the purpose of being presented to, and discounted by, the bank, it was delivered as an escrow, and consequently, as the bank did not discount it,.the appellants werenot bound by it. The obligation, which was only initiative, has never been consummated. The contingency, on which it depended, has not occurred; and therefore, the appellants might have sustained a plea of non estfactum.' Even if the note bad been delivered to Cook, not as a paper to be discounted by the bank, but as an absolute and perfect ■obligation, then, though it might havq been obligatory on Conway, it woul^l not have bound the sureties, who had no agency in the arrangement with Cook. A may be willing to be surety for B, in a note to C, when he would refuse to be a surety., for the same amount and at the same credit, to D, or to B mr D’s benefit, and subject to D’s control. The reasons for such a preference may be perfectly satisfactory and prudential. Then, as the sureties of Conway agreed to be bound to the hank only, and signed the note with the understanding, that it was to be delivered to, and discounted by, the bank, and that they were not to be bound, unless it should be so delivered and discounted; the sale and delivery of the note to Cook, without their knowledge or assent, had no binding operation as to them. There is no proof that they authorized Conway, directly or indirectly, to negotiate with Cook or with any other party, or at any other place than the bank; and we arc not therefore allowed to infer, that there was any such authority, express or implied.
Tbfi.plca of tion admits'1" tho execution and delivery nndplacest’he prmci'.a1and sure:ie- on ,thosame f>ot-(¡an,
Botweru the bank, in this makers'oi the nóte, the note never having fot^noMhc*1' money ad van-ced by Cook fi'r'the u«e of the bank, there never W-T T'? con" ur or “turn.
Bufc was the plea, which was filed, sustained? That P'ea ml,st be considered as admitting the execution delivery of the noie as a perfect obligation; and consequently, so far as the facts tend to show merely that the delivery was not suchas to bind the appel-lards, they are entitled to no influence. They ran now operate so far only, as they may conduce to show fb=R there was 1)0 consideration for the note. And, as the plea virtually admits, that the note was the act and deed of all the appellants, there can be nodis-t¡nc¡j0¡1 on *|le question of consideration between the sureties and the principal; tor it, as must now be conceded, the note wore executed and de.livered by all the appellants, so as to be legally the obligation of all, a consideration binding the principal will be equally effectual on the sureties.
As between the appellants and the nominal appel-lee, there can be no doubt that there never was any valid consideration, or that, if there ever had been s,,cb a consideration, it has failed; for the appellants have not derived any benefit from the bank, nor has the bank sustained any loss or inconvenience. There was 110 PrivUJ between Cook and the bank. The money which he advanced,was his own, and he did not advance it at the request, or for the use or benefit, ^le ^an^' ^ had never had any thing to do with the note, and the bank, without Slaving discount-ed it, had brought this suit for its own benefit, there certainly would have been either no consideration,or a failure of consideration. If there had been, in such a case, a sufficient consideration, its failure would not,, we admit, be an available defence under the issue as formed. But we are clearly of opinion, that the case supposed would show that there never had been any coi.‘.¡deration; for there is no fact which would authorize us *o infer, that the bank ever promised to discount the note, or that, if it did, that promise, and not its fulfilment, was (he consideration. On the contrary, it is evident that, as, between the appellants and the bank, there never was any consideration, unless the note had been discounted by the bank,
Is the case, iu any respect, essentially altered by the intervention of Cook, or by any thing which he has done or may suffer? We think not. The fact, *131 iftat the suit is for the benefit of Cook, can have- no influence. If the obligee had no legal right to enforce the note, without regard to'Cook’s interest, equitable or beneficial claim, which Cook could have, could be sufficient to maintain the suit. A person holding the beneficial interest, can maintain and control a suit for his own benefit in the name of the obli-gee, only when the o- ligee has such a legal right as will enable him to prosecute a suit successfully without disclosing the existence of any beneficial interest in another. Consequently this suit cannot be maintained, unless a suit could have been maintained hy the bank for its own benefit, or (which we consider the same thing,) without disclosing or regarding the indirect and eventual personal interest of Cook. Cook cannot use the name of the bank more effectually, than the bank itself could use it without his interference.
The action, bánk for uso, ,lo<>s not
one oan maintain an action ,°r the could main-tain the ac-own name beneficiary interest of the
Nor can the fact, that Cook, and not the bank, may, ’in equity, be entitled to the benefit of the judgment, if it shall. be affirmed, be considered as important. Let it be conceded, (as the issue does, in fact, cede,) that the note was delivered fo, and accepted by, the bank, still we must infer from tire facts; that there was no privity, actual or legal, between the bank and Cook. It may be at least questionable, whether the bank can, consistently with its charter the ends of its institution, be permitted to become, as a mere nominal obligee, the collector of individual debts in which it has no beneficial interest.
It would not be. difficult to foresee how illimitable its action, and how extensiye its influence might become, if such transactions as this be sanctioned and should become common. Its utility depends on confining itself within its appropriate sphere. Its salutary operation should not be jeoparded by any perversion of its capacities; nor should those capacities be enlarged by construction, so as to allow it to be used as an instrument for effectuating any device usury, or ambidextrous system of brokerage. However, as thife point (to which we have thus incidentally alluded, without intending to express any opinion upon it as a legal matter,'! is not now important, we will consider the bank as a natural person, and proceed tc *132 ascertain whether, in that character, this suit can be maintained.
fA advance roomy upona ao,®>b“at^° the president and directors of the bank, claim upon10 the-Bakers of the note exvi i'tractus-Cnor is his advance a consideration upon which he can ever m? in tain an action ori the note, in his own name or that oí' the bank; the note has no obligatory force unless discounted at bank, then it becomes the property of the bank, to be onloroed by the bank; a liter, if the note be a mercantile paper passing by endorsement.
the note had been drawn for the purpose of giving general credit; then, by making it payable to Cook, by endorsement or otherwise, he could have enforced it in virtue of the consideration passing from himself, although no actual consideration had passed to, or from, the nominal obligee; Violet vs. Patton, V Cranch, 142.
But the note was not drawn for general credit or circulation, as mercantile paper, hut was drawn, like ordinary promissory notes, fora single and direct purpose. It must therefore he considered as a common obligation, from A to B, and consequently,the prinei-pie established in Violet vs. Patton, has no application.
A cannot maintain an action of assumpsit against B, on a promise by 13 to A, founded on a consideration passing from a stranger to B; such a suit cannot be maintained for want of consideration, unless some consideration had passed directly or indirectly from the plaintiff;(Com. Dig. Covt.; Plow. Com. 307; Bourn vs. Mason, I Vent. 6; and Crow vs. Rogers, Strange 592.) The- principle, thus settled by these authorities, is strongly applicable to this case. As to the considera-^011’th<> o:,ty difference in this country now between an obligation and an assumpsit is, that in the latter the onus devolves on the plaintiff, but in the former it js thcowa on the defendant,
It may be admitted, that if A, in consideration of his indebtedness to B, execute his note to C at the request of B, and in trust for his benefit, a suit might be maintained on the note by C against A, even although no actual consideration of benefit or loss had passed from C to A, or to B. Whether the sui t could be maintained, unless the trust appeared on the face of the note, we need not decide; for, admitting that it could be, sí ill that case and this are not perfectly analogous, but differ essentially in the decisive attribute. In this case, the note was not made payable to the bank at Cook’s request, and in trust for his benefit, in consideration of a loan of money by him to Couway, or in consideration of any debt due by Conway to him. It was made payable to the bank for its own use, and in contemplation of a loan by it to Conway; and Cook *133 bought it, or advanced his money upon it, not with the understanding that.it was to be held by the bank, in trust for him, or was to be enforced by the bank tor his benefit, but with the intention o(procuring its discount on the credit of the sureties, and then drawing the amount from the bank with his ch.tk. This is the only inference which a reasonable and consistent interpretation of all the facts will allow. It could not.tbereiore, have been intended, that the note should be obligatory until it had been discounted by the bank, ii the note had been discounted, Cook would have drawn from the bank the residuum, after deducting the discount, and the bank would havq been entitled to the benefit of the note, including principal and interest. Then Cook would have had no further claim, and would have been free from risk or responsibility, and the bank alone would have incurred the hazard incident to the solvency of the obligors, and would have had, not only a legal, but the only beneficial interest in the note: and then this suit never would nor could have been brought for Cook’s benefit.
Cookhas been disappointed in his expectations. The bank has not discounted the note as he supposed it would. Having advanced money on the chances of obtaining a discount of the note, he cannot now change the character or legal effect of the note, and make the amount of it by a suit in the name of the bank. Before Cook advanced the $380, the note was a caput morluum. The advance itiade by him did not impart vitality, or legal efficacy, to the lifeless form; because he did not buy the note, as a valid subsisting obligation to the bank, (for then he could have bought it from the bank alone.) and because he did not have the note made payable to the bank in trust for himself, but advanced bis money on the strength of his faith, that the bank (which teas to incur the risk.) would discount the note, and thus make it binding between itself and the obligors, and not for his, but its own benefit. It seems to us to be a pi lin consequence, that the note was not to be obligatory until it had been discounted; and that, consequently, as it was never discounted, it is yet, as at its date, without consideration. The advance, of §'380, by Cook, was not the consideration of the note, but was the consideration only of Cook's interest in the note. Its discount by the bank *134 was to be, anti therfore was, the only consideration of the note; and therefore, as it never was discounted,it is without consideration. Cook’s interest in the note, would have entitled him to the amount which might-, have been drawn, if it had been discounted, but did" not impart, to the note itself,.a consideration of which-otherwise it would have- been destitute. He cannot-be indemnified by a suit on the note which has never become obligatory, but must look for redress to his contract, express or implied, with the party whom he trusted. He must seek his rights in his own name,according to the nature and merits of his contract with Conway; unless, upon another trial,he can show whaf does not appear in this record.
The only remedy in this case, is upon thea-’fumpsit, expres. or implied, against Conway, growingont i-f the advance of the money.
Crittenden- and Monroe,, for appellants; Denny, for appellee.
Judgment reversed, and cause remanded for a new trial.